# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) | Case No. 2:99CR10052 |
| v. | ) | **OPINION** |
| **IRA S. MULLINS, JR.**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Ira S. Mullins, Defendant Pro Se.*

Defendant Ira S. Mullins, Jr., a federal inmate proceeding pro se, has filed a pleading that he styles as a "Motion for Rehearing as Well as Sentence Reduction on the Grounds of New Evidence to Support this Matter Due to the 851(A)(1) Polic[y]." Given the nature of the allegations, I will construe this submission as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006 & Supp. 2008). Upon review of the Motion and court records, I find that it must be dismissed as successive.

Mullins pleaded guilty, pursuant to a written plea agreement, in January 2000 to one count of bank robbery, and he was sentenced to 240 months imprisonment. He did not appeal. He now asserts that the government failed to provide proper notice to him and his counsel of the intention to rely on Mullins's prior convictions to seek

enhancement of his sentence under 21 U.S.C.A. §851(A)(1) (West 1999). Mullins asserts that he has "new evidence" demonstrating that the court should "lift the career offender off his sentence and or Honor the offense level 29 criminal history category VI, sentencing range 151 to 188 months." He seeks a "downward departure."

Mullins does not state in his Motion any legal authority on which the court could revisit his sentence now, eight years after its imposition. *See*, *e.g.*, 18 U.S.C.A §3582(c) (West 2000) ("The court may not modify a term of imprisonment once it has been imposed," with limited exceptions). A defendant may claim relief under § 2255 on grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962). Because Mullins alleges that his sentence was imposed in violation of the Constitution or laws of the United States, I will construe it as a § 2255 motion and ask the clerk to classify it as such.

Court records indicate, however, that defendant previously filed a § 2255 motion concerning this same conviction and sentence, in Case No. 7:01CV00251. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the

claims in the motion meet certain criteria. *See* § 2255(h). As the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current motion without prejudice.[1] A separate Final Order will be entered herewith.

                                        ENTER: September 1, 2008

                                        /s/ JAMES P. JONES
                                        Chief United States District Judge

---

[1] To obtain certification from the Fourth Circuit, the defendant must submit a copy of the § 2255 motion to the court of appeals, along with a motion requesting certification for the district court to review a successive § 2255 motion. *See* 28 U.S.C.A § 2244 (West 2006). Defendant may write to request a form and instructions for filing this motion at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.