# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:99CR10052-2 |
| v. | OPINION |
| IRA STANFORD MULLINS, JR., | By: James P. Jones |
| Defendant. | United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Ira Stanford Mullins, Jr., has filed an authorized successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence imposed in 2000 as a career offender is unlawful. I stayed his case pending resolution by the United States Court of Appeals for the Fourth Circuit of *United States v. Brown*, which has now been decided.[1] 868 F.3d 297 (4th Cir. 2017). After consideration of the record and applicable case law, I conclude that Mullins' motion must be dismissed as untimely.

On January 4, 2000, Mullins pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). Mullins' Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as a

---

[1] Brown filed a petition for rehearing and rehearing en banc following the panel decision. *United States v. Brown*, 16-7056 (4th Cir. Oct. 5, 2017). The Fourth Circuit denied the petition on February 26, 2018.

career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," pursuant to U. S. Sentencing Commission Guidelines Manual ("USSG") § 4B1.1 (1999). PSR ¶ 46, ECF No. 43. The predicate offenses supporting his status as a career offender included three prior Georgia convictions for burglary, and a Georgia conviction for aggravated assault with intent to rob. *Id*. ¶¶ 80 - 83. On March 24, 2000, I sentenced Mullins to a total of 240 months' incarceration and three years of supervised release, after concluding that he was a career offender. Mullins did not appeal. Mullins was released from prison on December 21, 2016. He is currently serving his three-year term of supervised release, and thus his § 2255 motion is not moot. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (noting that a defendant on supervised release is considered to be in custody for purposes of a § 2255 motion).

In this § 2255 Motion, Mullins challenges the constitutionality of USSG § 4B1.2(a), which at the time of his sentencing defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and could not be used to

increase a defendant's sentence. However, Mullins' argument that his crime of violence convictions no longer support his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*,137 S. Ct. 886 (2017). The Supreme Court held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. *Id*. at 892.

Nonetheless, Mullins argues that the determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. I sentenced Mullins in 2000, under the pre-*Booker* mandatory Guideline scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 82.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *Brown*, was faced with just such a situation, and ultimately concluded that the defendant was

increase a defendant's sentence. However, Mullins' argument that his crime of violence convictions no longer support his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*,137 S. Ct. 886 (2017). The Supreme Court held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. *Id*. at 892.

Nonetheless, Mullins argues that the determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. I sentenced Mullins in 2000, under the pre-*Booker* mandatory Guideline scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 82.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *Brown*, was faced with just such a situation, and ultimately concluded that the defendant was

increase a defendant's sentence. However, Mullins' argument that his crime of violence convictions no longer support his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*,137 S. Ct. 886 (2017). The Supreme Court held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. *Id*. at 892.

Nonetheless, Mullins argues that the determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. I sentenced Mullins in 2000, under the pre-*Booker* mandatory Guideline scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 82.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *Brown*, was faced with just such a situation, and ultimately concluded that the defendant was

not entitled to relief because on collateral review, he could not overcome the stringent timeliness hurdle required by 28 U.S.C. § 2255. *Brown*, 868 F.3d at 299.

Usually, a defendant must file a motion under § 2255 within one year from the date on which the defendant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year period to run when a defendant relies on a rule of constitutional law newly recognized by the Supreme Court, starting from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). The *Brown* court concluded that in neither *Johnson* nor *Beckles* had the Supreme Court expressly recognized the right of a defendant to obtain relief who was sentenced as a career offender under a mandatory Guideline regime. 868 F.3d at 302. By leaving open that question, the Supreme Court failed to recognize a new right in the mandatory Sentencing Guidelines context. *Id.* Accordingly, a defendant sentenced as a career offender under the mandatory Guidelines could not rely on the additional one-year limitations period in § 2255(f)(3). *Id*.

Because Mullins did not file this § 2255 petition until 2016, 16 years after his judgment became final, the petition is time barred and must be dismissed. *Id*. at 304.

A separate Final Order will be entered forthwith.

DATED: April 26, 2018

/s/ James P. Jones
United States District Judge